UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Mary Vega, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  -v.-<br>Unifin, Inc.,<br><br>         Defendant(s). | CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br>C.A. No.: 1:22-cv-601 |

Plaintiff Mary Vega (hereinafter, "Plaintiff"), brings this Class Action Complaint by and through her attorneys, against the Defendant Unifin Inc. (hereinafter, "Defendant" or "Unifin") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate~ id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Texas consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Texas, County of Travis.

8. Defendant Unifin is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and may be served process by registered agent, c/o Incorp Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas 78701.

9. Upon information and belief, Defendant Unifin is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of Texas;

    b. to whom the Defendant Unifin sent a collection letter attempting to collect a consumer debt;

    c. containing unclear discounted offers to settle the underlying debt;

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The Sub Class consists of:

    a. all individuals with addresses in the State of Texas;

    b. to whom the Defendant Unifin sent a collection letter attempting to collect a consumer debt;

    c. that fails to clearly label the original creditor;

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ l692e and 1692f.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **<u>Numerosity:</u>** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the

    form attached as Exhibit A, violate 15 USC §§ l692e and 1692f.

  c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Plaintiff Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

  d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues

pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

21. Some time prior to June 25, 2021, an obligation was allegedly incurred to an original creditor by the Plaintiff.

22. The alleged obligation arose out of transactions in which money, property, insurance or services which are the subject of the transactions were primarily for personal, family or household purposes.

23. The alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

24. The original creditor is a "creditor" as defined by 15 U.S.C. §1692a(4).

25. Upon information and belief, non-party Jefferson Capital Systems LLC ("Jefferson") eventually purchased the delinquent debt.

26. Current creditor, Jefferson, contracted with the Defendant Unifin to collect this debt.

27. Defendant Unifin collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violations – June 25, 2021 Collection Letter*

28. On or about June 25, 2021, Defendant Unifin sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt currently owed to Jefferson. **See Exhibit A**.

29. The collection Letter provides that there is a total amount due of $9,895.46.

30. The Letter continues and states:

| 1 Payment of $2,473.87 *towards a discounted offer* | 3 payments of $1,319.39 *towards a discounted offer* | 12 monthly payments *towards the balance in full* |
|---|---|---|

> To take advantage of the discounted offer(s), please have payment (or first payment) in our office within 45 Days from June 25, 2021.

(emphasis added).

31. The Letter is deceptive in that it fails to clearly set forth an offer to the Plaintiff as it states that the one-time payment and three separate payments would be applied "towards a discounted offer" without properly explaining what the offer is.

32. By including the "towards" language, it is unclear if the Plaintiff's one-time payment of $2,473.87 or three payments of $1,319.39, alone, will be accepted to settle the account, or if, as stated, the same will simply be applied towards a "discounted offer" of some other value.

33. The Letter is also deceptive because it implies that, in exchange for remitting payment of only a portion of the balance, the consumer will achieve some form of settlement, when in actuality, it is unclear what form of settlement the Letter is offering.

34. The Letter is silent as to what action Defendant Unifin or Jefferson will do following the receipt of any such funds and further does not clarify what will occur with the rest of the balance, including whether the rest of the balance would be subject to collection by another collection company in the future.

35. The Letter deceives and misleads the consumer by implying that paying one of the proposed amounts would achieve results akin to a settlement offer, when in reality the Defendant's offer contains no significant benefits and is unclear concerning what the benefits of these payments would actually be.

36. Plaintiff was confused and misled as to whether the Letter was an actual settlement or not, and as a result, did not accept the offer.

37. Additionally, Defendant Unifin's offer is illogical. Why choose to pay the full balance when there is an offer to pay less than the full balance?

38. The only answer would be that paying in full would receive some form of added benefit.

39. Defendant Unifin's Letter does not make any mention of any benefit or incentive to pay the full balance rather than the discounted amounts.

40. Therefore, the consumer is left confused and misled concerning which option to choose; on the one hand the discounted amount saves her money, but on the other hand the full payment option must have some benefit or else it would not even be a consideration.

41. Yet Defendant Unifin's Letter mentions no benefit whatsoever for paying the full balance, making the Letter illogical and leaving the consumer wondering if there is a "catch" or if this is a real offer.

42. Defendant Unifin's Letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

43. Plaintiff incurred an injury because the Defendant Unifin deceptively makes an offer without properly qualifying and explaining the offer.

44. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

45. Moreover, despite the fact that Jefferson is merely a subsequent purchaser of the debt, the Letter fails to clearly label the original creditor.

46. As a result, Plaintiff incurred an injury as the Defendant failed to clearly identify the original creditor.

47. Plaintiff was confused about the nature of the debt as she was unfamiliar with the entity Jefferson, and believed this collection Letter to be a fraudulent attempt to coerce money from her.

48. Defendant failed to accurately represent the character of the debt, as it neglected to clearly label the name of the original creditor.

49. By omitting same, Defendant falsely represented the subject debt.

50. Furthermore, Plaintiff was harmed by believing this Letter to be a fraudulent attempt to coerce money from her, and worried that her private information was compromised.

51. Plaintiff was therefore unable to make a payment on the debt.

52. Plaintiff cannot pay the alleged debt, trusting the Defendant, when it appears that the inconclusive character of the debt stated in the Letter is fraudulent.

53. Because of the Defendant's actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were spent elsewhere.

54. Because of this, Plaintiff expended time and money in determining the proper course of action.

55. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

56. Plaintiff's failure to pay the debt arose from the collection Letter itself because the Plaintiff believes it was a fraudulent attempt to collect monies not owed.

57. In addition, Plaintiff suffered emotional and physical harm because of the Defendant's improper acts, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep.

58. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

59. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

60. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress and conversion.

61. Plaintiff is entitled to receive proper notice of the character of the debt, as required by the FDCPA.

62. Defendant failed to effectively inform the Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

63. But for the Defendant's' deceptive, misleading, and false debt collection practices, Plaintiff would have chosen a separate course of action in response to the Letter.

64. These violations by the Defendant Unifin were knowing, willful, negligent and/or intentional, and the Defendant Unifin did not maintain procedures reasonably adopted to avoid any such violations.

65. Defendant Unifin's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

66. Defendant Unifin's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to the Defendant Unifin's collection efforts because the Plaintiff could not adequately respond to the Defendant Unifin's demand for payment of this alleged debt.

67. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the Letter to her detriment.

68. But for the Defendant Unifin's violation of the FDCPA, and the resulting confusion therefrom, Plaintiff would have chosen a different course of action in an attempt to resolve the alleged debt.

69. As a result of the Defendant Unifin's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

## **COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
*et seq.*

70. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

71. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

72. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

73. Defendant violated said section by:

   a. Issuing the Letter, which is open to more than one reasonable interpretation, at least one of which is accurate;

    b. Making a false and misleading representation in violation of §1692e (10);

    c. Making a false representation of the character of the debt in violation of §1692e (2)(A); and

    d. Failing to advise the Plaintiff that remitting payment under any of the offers provided would serve to restart the statute of limitations for the underlying debt.

74. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e, *et seq.* of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## <u>COUNT II</u>
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f**
*et seq.*

75. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

76. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

77. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

78. Defendant violated this section by omitting material information that gave the Plaintiff a false understanding of: (a) the character of the debt; and (b) the offers in the Letter. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692f et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT 15 U.S.C. § 1692g *et seq.*

79. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

80. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

81. Pursuant to 15 U.S.C. § 1692g, a debt collector must clearly define the original creditor to the consumer.

82. Defendant violated this section by failing to define the original creditor to the Plaintiff.

83. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

84. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mary Vega, individually and on behalf of all others similarly situated, demands judgment from the Defendant Unifin as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, Yaakov Saks, Esq., as Class Counsel;

2. Awarding the Plaintiff and the Class statutory damages;

3. Awarding the Plaintiff and the Class actual damages;

4. Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 20, 2022                                Respectfully Submitted,

                                                    **STEIN SAKS, PLLC**
                                                     **/s/ Yaakov Saks**
                                                    Yaakov Saks, Esq.
                                                    One University Plaza, Ste. 620
                                                    Hackensack, NJ 07601
                                                    Ph:  201-282-6500
                                                    ysaks@steinsakslegal.com
                                                    *Attorneys for Plaintiff*